UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-65-DLB

NATIONAL CITY BANK,                                                                                           PLAINTIFF,

V.   **MEMORANDUM OPINION
& ORDER**

MERCHANT MANAGEMENT
SYSTEMS, INC., et al.,                                                                                        DEFENDANTS.

This matter is before the undersigned on Defendants' Motion for Release of Prior Attachments. [R. 19]. For the following reasons, the motion [Id.] will be granted in part, and denied part.

I.  FACTUAL BACKGROUND

On August 4, 2009, National City Bank [National City] filed this action against Defendants Merchant Management Systems, Inc. [MMS] and Brian Patrick Reed [Reed], asserting claims of intentional and negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and constructive trust. [R. 1]. In support of its claims, National City alleges as follows:

In the financial industry, MMS is what is commonly referred to as an Independent Sales Organization, or ISO. Such organizations generally sell credit card equipment and software to merchants for use in the course of their businesses. In addition, ISO's contract with merchants and agree to process credit and debit transactions on behalf of the merchant. [R. 16].

In April 2009, MMS established an Automated Clearinghouse [ACH] Account  with

National City to process electronic credit and debit transactions on behalf of merchant clients. [R. 1 at 2]. MMS would upload batches containing listings of account numbers and amounts into National City's computer system, with directions that National City either (1) electronically transfer funds from the ACH Account to other accounts [credits] or (2) electronically retrieve funds from other accounts into the ACH Account [debits]. [Id. at 3]. Under the ACH agreement, MMS was required to "maintain available funds on deposit...sufficient in amount to cover in full all outgoing transfers..." [Id. at 4].

On July 14, 2009, MMS and its president and chief operating officer, Defendant Reed, began directing credits that greatly exceeded MMS's previous account activity. [Id. at 5]. One particular batch of credits directed National City to credit a checking account titled "MMS" at Kentucky Farmers Bank Corporation [KFB] in the amount of $255,416.58. [Id.]. At the same time that MMS and Reed directed this large batch of credits, they also directed National City to electronically retrieve funds from other accounts and transfer the funds into the ACH Account to cover the credits. [Id.].

On the morning of July 15, 2009, National City contacted Reed to advise him that his recent credit directives exceeded the pre-funding limits of the ACH Account. [Id.]. He asked National City to grant an exception and honor the transactions even though National City had not yet processed and received the corresponding debits. [Id.]. He assured National City that the debits would cover the credits and, based upon this assurance, National City transferred funds out as credits to other accounts. [Id.].

Subsequently, more than seventy-five percent (75%) of the debit directives which would have transferred funds into MMS's ACH Account were rejected for various reasons, and

MMS'sACH Account became overdrawn by $226,020.60. [Id.]. This overdraft was created by the transfer and credit of $255,416.58 from MMS's ACH Account to the checking account titled "MMS" at KFB. [Id.]. Upon information and belief, the funds are held at KFB today. [Id. at 2].

## II.  PROCEDURAL BACKGROUND

After bringing this action, National City filed an *ex parte* motion for an order attaching "all accounts and assets owned by [Defendants at KFB] until Friday, August 14, 2009..." [R. 9]. The Court granted Plaintiff's motion on August 7, 2009. [R. 12]. Subsequently, National City moved to continue the order of prejudgment attachment "pending further Order of the Court." [R. 13]. On August 14, 2009, the Court granted Plaintiff's motion. [R. 14].

Thereafter, Defendants filed the instant Motion for Release of Prior Attachments. [R. 19]. In support, they argue that National City is not entitled to prejudgment attachment under Kentucky law. [Id.]. A hearing was held on Defendants' motion on August 28, 2009. [see R. 45]. The parties having briefed the relevant issues, the matter is ripe for review.

## III.  ANALYSIS

As the parties recognize, Kentucky law governs this matter. See Fed. R. Civ. P. 64(a) ("At the commencement of and throughout an action, every remedy is available that, *under the law of the state where the court is located*, provides for seizing a person or property to secure satisfaction of the potential judgment.") (emphasis added). Kentucky's prejudgment attachment statute, KRS 425.301, allows a plaintiff, under certain circumstances, to attach the property of a defendant at or after the commencement of an action. To obtain this remedy, a plaintiff must demonstrate the following:

(1)     The nature of the plaintiff's claim;

3

    (2)      That it is just;

    (3)      The sum which the plaintiff believes he ought to recover; and

    (4)      The existence of any grounds for an attachment set forth in KRS 425.301 or 425.306.

KRS 425.307; see also KRS 425.308(2).

Here, Defendants argue that the prior attachments should be released because National City has failed to satisfy the fourth element – the existence of any grounds for an attachment under KRS 425.301 or 425.306. For purposes of clarity, the Court will address whether Plaintiff satisfies the elements for prejudgment attachment separately as to each Defendant.

**(A)    Whether Attachment is Proper as to MMS**

As grounds for attaching MMS's assets, Plaintiff relies on KRS 425.301(2). [R. 9-2 at 6]. KRS 425.301(2) provides that an attachment may issue:

> [i]n an action for the recovery of money due upon a contract, judgment or award, if the defendant have no property in [Kentucky] subject to execution, or not enough thereof to satisfy the plaintiff's demand, and the collection of the demand will be endangered by delay in obtaining judgment or a return of no property found.

KRS 425.301(2).

MMS contends that KRS 425.301(2) is inapplicable because National City has failed to demonstrate that "the collection of the demand will be endangered by delay in obtaining judgment." [R. 19-2 at 8-9]. The Court disagrees. In a letter to National City, MMS's former attorney stated that "[w]hile MMS and [Reed] acknowledge that they are indebted to National City Bank in the amount of $226,020.60, *they do not have the ability to repay that amount in full at this time.*" [see R. 9-3 at 3] (emphasis added). Moreover, counsel related that "[d]ue to the poor economy, MMS's business has struggled..." and "[a]ll of MMS's assets are encumbered."

4

[Id.]. In light of the foregoing statements concerning MMS's financial position, Plaintiff has demonstrated that the collection of its demand will be endangered by delay in obtaining judgment.

National City has established the nature of its claim against MMS, that it is just, the sum which it believes it ought to recover, and the existence of grounds for an attachment under KRS 425.301. As Plaintiff satisfies each element for attachment set forth in KRS 425.307, the Court will not release the Order attaching MMS's assets. [R. 14].

**(B)  Whether Attachment is Proper as to Reed**

As grounds for attaching Reed's assets, National City relies on KRS 425.301(2), KRS 425.301(1)(f), and KRS 425.301(1)(h). [R. 9-2 at 6; R. 28 at 2]. None of the asserted grounds are applicable.

KRS 425.301(2) authorizes an attachment only "[i]n an action for the recovery of money due upon a contract, judgement or award..." Here, there is no evidence that Reed was a party to the contract at issue, or is subject to any judgment or award in favor of National City.[1] Thus, KRS 425.301(2) is inapplicable.

KRS 425.301(1)(f) authorizes an attachment only if the defendant "[i]s about to remove, or has removed, his property or a material part thereof, out of this state..." Plaintiff has failed to show that Reed is about to remove, or has removed, his property out of Kentucky. Accordingly, KRS 425.301(1)(f) is likewise inapplicable.

Finally, KRS 425.301(1)(h) authorizes an attachment only if the defendant "[i]s about to

---

[1] While Reed executed the ACH account agreement between MMS and National City, he did so only on behalf of MMS, and in his capacity as its president and chief operating officer. [see R. 4-2 at 3].

5

sell, convey, or otherwise dispose of his property, with [the fraudulent intent to cheat, hinder or delay his creditors]." While National City has introduced evidence that Reed may be attempting to sell his interest in MMS [see R. 16-9 at 18-19; R. 16-12], it has failed to establish that he is doing so with the fraudulent intent to hinder his creditors. Therefore, KRS 425.301(1)(h) is of no avail to Plaintiff.

Because National City has failed to establish the requisite grounds for attachment under KRS 425.301 or 425.306, the Order attaching Reed's assets [R. 14] will be released.

## IV.  CONCLUSION

Accordingly, and for the foregoing reasons, it is ORDERED AS FOLLOWS:

(1)     Defendants' Motion for Release of Prior Attachments [R. 19] is DENIED, insofar as the Order attaching MMS's assets [R. 14] REMAINS IN EFFECT.

(2)     Defendants' Motion for Release of Prior Attachments [R. 19] is GRANTED, insofar as the Order attaching Reed's assets [R. 14] is VACATED. Should National City obtain new evidence that supports attaching Reed's assets under KRS 425.301 or 425.306, it may file a subsequent motion for prejudgment attachment.

Signed January 11, 2010.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge